tions which followed Willys acted as a representative of the Willys-Overland Co.

During a conversation with the taxpayer, Willys stated it would be worth $25,000 to have a source of supply of the desired fabrics. The taxpayer, relying on this statement, purchased a house and intended applying against the purchase price the $25,000 which he expected to receive from Willys. Failing to receive the payment when he expected it, the taxpayer wrote Willys asking that a check for the amount of $25,000 be forwarded.

Willys paid the taxpayer $25,000 by his personal check dated March 10, 1920, and was later reimbursed for this expenditure by the Willys-Overland Co.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: It is evident that the payment of $25,000 was not a gift, as the taxpayer contends, but was a payment for services rendered. The testimony shows that in 1920 the Willys-Overland Co. found it difficult to secure proper material for upholstering its cars and was willing to pay for being placed in contact with a manufacturer from whom it could obtain the material at an advantageous price. The evidence is clear that Willys was acting for the Willys-Overland Co. in the negotiations with Timmie, and had discussed the matter of the payment of the taxpayer with other officers of the company. In his testimony Willys stated, "* * * corporations do not give presents unless they get something for it financially." This statement is at least persuasive in determining the intent which prompted the payment to the taxpayer. See *Appeal of Herschel V. Jones*, 1 B. T. A. 1226.

JAMES not participating.

---

## APPEAL OF WILLIAM M. ESCAVAILLE, JR.

Docket No. 2333. Submitted October 10, 1925. Decided November 16, 1925.

*Richard D. Daniels, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

### Before TRAMMELL and PHILLIPS.

This is an appeal from the determination of a deficiency of $127.92, income tax for 1922, arising out of the disallowance by the Commissioner of $2,400 claimed by the taxpayer as a deduction for business expenses.

The taxpayer is a resident of the District of Columbia, with his office in the District, and in 1922 was engaged in soliciting advertising for four semimilitary publications. His compensation for advertising obtained by him was upon a commission basis. All expenses incurred in obtaining such advertising were paid by the taxpayer. During 1922 he made seven business trips to various portions of the United States for the purpose of obtaining advertising. He spent $2,000 upon such trips for railroad fare, hotel accommodations, meals, and other ordinary and necessary business expenses.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF ORENTS DEPARTMENT STORES, INC.

Docket No. 2400.  Submitted September 24, 1925.  Decided November 16, 1925.

> An inventory taken at cost may not be reduced by a straight percentage basis to determine market.

*E. M. Schwarzenberg*, *Esq.*, for the taxpayer.
*F. O. Graves*, *Esq.*, for the Commissioner.

### Before GRAUPNER and TRAMMELL.

This is an appeal from the determination of a deficiency in income and profits taxes for 1918 in the amount of $2,084.55. The deficiency arises from the disallowance by the Commissioner of the reduction in inventory at the end of 1918 by a straight percentage basis. The taxpayer also claims the benefit of section 328 of the Revenue Act of 1918, upon the ground that its income was abnormally affected for that year on account of the refusal of the Commissioner to accept its closing inventory on the above basis.

### FINDINGS OF FACT.

The taxpayer was a corporation organized under the laws of Massachusetts, with its principal office at Sagamore. It operated a department store which sold women's ready-to-wear apparel and shoes and men's and boys' clothing and household furniture. The taxpayer took its inventories in 1918 upon the basis of cost and reduced the amount thereof by a straight 10 per cent basis to arrive at market with respect to certain alleged shopworn and out-of-style goods. This method of arriving at market of such goods had